UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATASHA R. LANG,

        Plaintiff,

v.                                                                                  Case No. 11-CV-13248
                                                                                               Honorable Denise Page Hood

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION, GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Magistrate Judge David R. Grand's Report and Recommendation, filed August 10, 2012. The Magistrate Judge recommends that the Commissioner's Motion for Summary Judgment is granted and Latasha Lang's Motion for Summary Judgment is denied. Lang filed an objection, to which the Commissioner responded. For the reasons stated below, the Court ACCEPTS and ADOPTS the Magistrate Judge's report and recommendation and GRANTS the Commissioner's Motion for Summary Judgment and DENIES the Lang's Motion for Summary Judgment.

When examining a Magistrate Judge's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Judicial review of the Commissioner's decision is limited to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and whether the Commissioner used the proper legal criteria in reaching the conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec. of Health and Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review, resolve conflicts in the evidence, or decide issues of credibility. *Garner*, 745 F.2d at 787. Therefore, the administrative law judge's ("ALJ") credibility findings should not be discarded lightly and must be accorded great deference. *Hardaway v. Sec. of Health and Human Serv.,* 823 F.2d 922, 928 (6th Cir. 1987). A finding of substantial evidence must be based on the record as a whole. *Gardner,* 754 F.2d at 388. The Commissioner's decision must be upheld if it is supported by substantial evidence even if the record might support a contrary decision. *Smith v. Sec. of Health and Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989). The decision must be affirmed even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

As an initial matter, the Court accepts and adopts the Magistrate Judge's findings of fact. The Magistrate Judge recommends that the Court grant summary judgment in favor of the Commissioner and deny Lang's motion for summary judgment. The Magistrate Judge found that the ALJ provided good reasons for giving only some weight to the opinion of Lang's treating physician Dr. Matthew, there were discrepancies between Dr. Matthew's opinion and treatment records. Lang contends that the ALJ did not rely on her alleged noncompliance and that the treatment records supported Dr. Matthew's findings. She further argues that although her

symptoms were sporadic, she was only required to show an inability to work on a "regular and continuing basis." Lang asserts that she is "capable of working, but . . . not able to maintain a regular schedule." She takes issue with the Magistrate Judge's statement that Dr. Matthew's opinions may have been influenced by misunderstanding the disability standard or feelings of sympathy towards Lang.

As the Magistrate Judge already noted, the ALJ is not required to give a treating physician's opinion controlling weight if the opinion is not well-support and is inconsistent with the record. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.') (quoting 20 C.F.R. § 404.1527(c)(2)). The ALJ must provide good reasons for the weight given to the treating physician's opinion that are supported by the substantial evidence. 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")

Lang does not explain why her complaints of dizziness, nausea, or vomiting on nine out of 24 doctor visits would render her unable to work within the limitations given. The ALJ provided "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record." Soc. Sec. R. 96-2p. A review of the record shows that there were discrepancies in Dr. Matthew's opinion and some of his conclusions were not supported. Substantial evidence supports the ALJ's finding, good reasons were given, and the appropriate legal criteria were used. The Court will not disturb the ALJ's decision as to Dr. Matthew.

The Magistrate Judge further found that the ALJ adequately accounted for moderate limitations in concentration, persistence, and pace when limiting Lang to a "wide range of semi-skilled and unskilled tasks." The Magistrate Judge determined that the ALJ did not err in not providing a hypothetical with this limitation when it would not significantly erode the number of jobs that Lang could perform. Lang renews her argument that the ALJ failed to consider all of her limitations as to concentration, persistence, and pace. She asserts that a limitation to unskilled or semi-skilled work does not account for Lang's non-exertional limitations. She urges the Court to adopt the result achieved in *Boley v. Astrue*, No. 11-10896, 2012 WL 680393 (E.D. Mich. Feb. 10, 2012).

The Court finds *Boley* inapplicable to this case. The Magistrate Judge considered whether an ALJ's reliance on the Medical Vocational Rules alone without any testimony from the vocational expert was sufficient to limit the plaintiff to "unskilled" work when there was a moderate limitation to concentration, persistence, and pace. Here, as the Magistrate Judge noted, the ALJ relied on the consulting physician's opinion regarding the type of work that Lang could perform when posing the hypothetical question to the vocational expert. The consulting physician and vocational expert's opinions regarding the type of work that Lang could perform were consistent. This basis is sufficient to support the ALJ's findings. *See Infantado v. Astrue,* 263 Fed. Appx. 469, 477 (6th Cir. 2008). Lang's objection is rejected.

Accordingly,

**IT IS ORDERED** that Magistrate Judge's Report and Recommendation is **ACCEPTED** and **ADOPTED** [Docket No. 27, filed August 10, 2012] as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Lang's Motion for Summary Judgment [Docket No. 20, filed April 13, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [Docket No. 25, filed July 13, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5